UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERESA MOHLER                                                     CIVIL ACTION

VERSUS                                                                   NO. 19-864-BAJ-RLB

GEICO GENERAL INSURANCE
COMPANY

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 16, 2020.

                                                                          _____
                                                                          **RICHARD L. BOURGEOIS, JR.**
                                                                          **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERESA MOHLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-864-BAJ-RLB** |
| **GEICO GENERAL INSURANCE COMPANY** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Remand (R. Doc. 5) filed by Plaintiff, Teresa Mohler, on January 15, 2020. Defendant, Geico General Insurance Company ("Geico"), filed its Opposition (R. Doc. 6) on January 27, 2020.

### I. Background

Plaintiff initiated this action with the filing of her Petition for Damages in state court on November 19, 2019. (R. Doc. 1-1 at 3-7). Therein, Plaintiff alleges that she was injured on or about November 11, 2017, when she was rear-ended by another driver after exiting I-10 at Siegen Lane in Baton Rouge, Louisiana. (R. Doc. 1-1 at 3). Plaintiff alleges that the tortfeasor is an uninsured/underinsured motorist, and that the tortfeasor's insurance company has paid its policy limits to Plaintiff. (R. Doc. 1-1 at 5). Geico is alleged to be Plaintiff's UM carrier, and Plaintiff's action is one to recover those benefits.

### II. Arguments of the Parties

Plaintiff raises three arguments in support of remand. First, Plaintiff argues that this Court lacks subject matter jurisdiction because complete diversity is lacking. (R. Doc. 5-4 at 3). Second, Plaintiff argues that diversity jurisdiction is lacking because the requisite $75,000 amount in controversy has not been met. (R. Doc. 5-4 at 5-6). Last, Plaintiff argues that Geico

failed to include all process, pleadings, and orders served upon it as required by 28 U.S.C. § 1446(a) such that its removal was procedurally defective. (R. Doc. 5-4 at 7).

Defendant responds that, for purposes of diversity jurisdiction, it is a citizen of Maryland and Washington D.C. (R. Doc. 6 at 1-2; R. Doc. 1 at 2). With respect to the amount in controversy, Defendant argues that Plaintiff's demands for its policy limits, and claims for penalties and attorney's fees, together with Plaintiff's failure to include a statement required by La. C.C.P. art. 893, establish the requisite amount in controversy for purposes of diversity jurisdiction. (R. Doc. 6 at 2).

### III.    Law and Analysis

#### A.    Legal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction…" 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed…"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice… does not permit demand for a specific sum," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

**B.    Analysis**

   **i.    Citizenship**

Plaintiff first argues that diversity jurisdiction is lacking because Geico "has failed to state pertinent facts, specifically the citizenship of the 'defendant,' to place this case in the purview of this court's jurisdiction." (R. Doc. 5-4 at 4). 28 U.S.C § 1332(c) provides the following:

> (c) For the purposes of this section ad section 1441 of this title—
>     (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to

3

>     which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—
>         (A) every State and foreign state of which the insured is a citizen;
>         (B) every State and foreign state by which the insurer has been incorporated; and
>         (C) the State or foreign state where the insurer has its principal place of business; and
>     (2) the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen of only the same State as the infant or incompetent.

Geico alleged in its Notice of Removal that it is a foreign insurance company, incorporated in Maryland with its principal place of business in Washington D.C. (R. Doc. 1 at 2). Plaintiff alleged in her Petition for Damages that Geico is a foreign insurance company, licensed to and doing business in Louisiana. (R. Doc. 1-1 at 3). Despite this allegation, Plaintiff suggests that it is the citizenship of Geico's shareholders, i.e., the family members of Berkshire Hathaway, which in turn owns Geico, that is relevant to the analysis. (R. Doc. 5-4 at 3). Plaintiff provides no legal support or authority for the position that the shareholders of a corporation are relevant for citizenship.

Geico represents that it is a corporation, and there is no indication that Geico is a limited liability company or an unincorporated entity. Therefore, for purposes of its citizenship, Geico is subject to the rules governing a corporation. "[A] corporation's shareholders' citizenships are irrelevant to diversity jurisdiction under § 1332(c)(1); a corporation is the citizen of its principal place of business and place of incorporation." *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liabl. Corp.*, 757 F.3d 481, 484 (5th Cir. 2014) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005)). Here, Geico represents that it is incorporated in Maryland with its principal place of business in Washington D.C., and Plaintiff provides no evidence to the contrary. Geico is, therefore, a citizen of Maryland and Washington D.C., and completely diverse from Plaintiff.

4

The Court then turns to Plaintiff's suggestion that, because she has brought a direct action against an insurance company, Geico's citizenship is that of its insured pursuant to 28 U.S.C. § 1332(c)(1). This argument has been addressed and rejected. In *Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 725 (5th Cir. 1974), the Fifth Circuit noted that "an uninsured motorists policy is not a 'policy or contract of liability insurance'" for purposes of 28 U.S.C. § 1332(c)(1). Following *Hernandez*, the court in *Carter v. Lawhorn*, 2018 WL 5847824, at *2-3 (E.D. La. Nov. 8, 2018, addressed the same argument raised herein as to Geico. There, the plaintiff filed a claim against Geico for UM/UIM coverage, and argued that the plaintiff's citizenship was imputed to Geico for purposes of diversity jurisdiction. Noting that "[n]othing in the record indicates that any type of liability insurance is sought from Geico," the *Carter* court concluded that "Plaintiff's citizenship cannot be imputed to GEICO here," and "found complete diversity to exist." *Carter*, 2018 WL 5847824 at *3.

The same result is warranted herein. Plaintiff seeks to recover benefits from Geico, her uninsured/underinsured motorists carrier. (R. Doc. 1-1 at 5). This action is not, therefore, a "direct action against the insurer of a policy or contract of liability insurance" for purposes of the exception in 28 U.S.C. § 1332(c)(1). As the exception to citizenship for a direction action is inapplicable, the general rule with regard to corporations applies. Geico is a citizen of Maryland and Washington D.C. for purposes of diversity jurisdiction, while Plaintiff is a citizen of Louisiana. Thus, there is complete diversity of the parties for purposes of 28 U.S.C. § 1332.

### ii. Amount in Controversy

Plaintiff's second argument is that diversity jurisdiction is lacking because Geico failed to establish that the amount in controversy exceeds $75,000, exclusive of interest and costs. (R. Doc. 5-4 at 5-7). "The party seeking to invoke federal diversity jurisdiction bears the burden of

5

establishing both that the parties are diverse and that the amount in controversy exceeds $75,000." *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). The Court will first consider whether it is facially apparent from the Petition that the Plaintiff's claims likely exceed $75,000. If not, the Court will then look to the facts in controversy that may support a finding of the jurisdictional minimum.

At the outset, the Court finds that the amount in controversy is not facially apparent from Plaintiff's Petition for Damages. Plaintiff alleges that the tortfeasor violently collided with her vehicle, causing neck and back injuries, and suffered damages, including physical pain and suffering, mental and emotional pain, aguish, and distress, past and future medical expenses, loss of income, and loss of enjoyment of life. (R. Doc. 1-1 at 5). She alleges that the tortfeasor's insurer paid its policy limits, and seeks additional recovery from Geico, her UM carrier. (R. Doc. 1-1 at 6). She also alleges that she provided Geico evidence of $19,629.00 in medical bills, and medical records evidencing 2.5 years of conservative treatment. (R. Doc. 1-1 at 6). Plaintiff makes no allegation as to the amount recovered from the tortfeasor's insurer, or Geico's policy limits, nor does she include any allegation that her claim exceeds or is less than the jurisdictional amount as required by La. C.C.P. art. 893. Based on the foregoing, the amount in controversy is not facially apparent from Plaintiff's Petition for damages, and the Court turns to whether there are facts in controversy that support a finding of the jurisdictional minimum.

In its Notice of Removal, Geico represents that, on August 5, 2019, Plaintiff submitted a demand for Geico's "policy limits" through her counsel of record and attaches a copy of same. (R. Doc. 1 at 2; R. Doc. 1-2 at 1). Geico also represents that its UMBI coverage is $100,000, and attaches a copy of its policy, which reflects Geico's representation. (R. Doc. 1 at 2; R. Doc. 1-3

6

at 2). Plaintiff's Petition for Damages does not include an allegation that her claim is less than the requisite amount as required by La. C.C.P. art. 893.[1] Plaintiff also alleges in her Petition for Damages that Geico's actions in failing to tender payment of her claim were arbitrary, capricious, and without probable cause, entitling her to an additional 50% in damages pursuant to La. R.S. 22:1892(B)(1), and double damages pursuant to La. R.S. 22:1973. (R. Doc. 1-1 at 6).

Recently, in *Broussard v. GEICO Cas. Co.*, 2019 WL 181343, at *1 (E.D. La. Jan. 11, 2019), the court considering the allegations of injury made in the petition together with a demand for policy limits, and a claim for penalties and attorney's fees, when concluding that plaintiff's action against her UM carrier had satisfied the amount in controversy requirement. There, the district court noted that the tortfeasor's insurance company had paid its $15,000 policy limit, and that plaintiff's UM carrier had tendered $14,903.20 of its $100,000 policy limits. *Broussard*, 2019 WL 181343 at *1. Noting "[t]hat GEICO has offered much less than the demand to settle the case is of no moment," the court concluded that the $75,000 amount in controversy had been satisfied. *Broussard*, 2019 WL 181343 at *1. Other courts have also found the amount in controversy satisfied considering the severity of the injuries alleged along with a demand for policy limits and claims for penalties and attorney's fees. *See, e.g., Nunnery v. 21st Century Centennial Ins. Co.*, 2018 WL 6615092, at *4 (M.D. La. Nov. 16, 2018), *report and recommendation adopted*, 2018 WL 6615023 (M.D. La. Dec. 17, 2018); *Weston Plaza, LTC v. Hartford Lloyd's Ins. Co.*, 2011 WL 4712239, at *4 (N.D. Tex. Sep. 1, 2011), *report and recommendation adopted*, 2011 WL 4731087 (N.D. Tex. Oct. 7, 2011); *Haydel v. State Farm*

---

[1] La. C.C.P. art. 893 provides the following: A. (1) No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.

7

*Mut. Aut. Inc. Co.*, 2008 WL 2781472, at *4 (M.D. La. July 11, 2008); *Harvey v. Shelter Ins. Co.*, 2013 WL 1768658, at *2 (E.D. La. Apr. 24, 2013); *Bienemy v. Am. Sec. Ins. Co.*, 2006 WL 2925454, at *2 (E.D. La. Oct. 10, 2006).

The same result is warranted herein. Plaintiff has alleged a "violent" collision that resulted in neck and back injuries, continued medical treatment and procedures, and a significant amount of medical expenses. Plaintiff has demanded penalties and attorney's fees for Geico's alleged failure to pay the claim. (R. Doc. 1-1 at 6). Plaintiff represents that her settlement with the tortfeasor's insurance company was for its $25,000 policy limits. (R. Doc. 5-4 at 1). Geico provided summary judgment-type evidence that Plaintiff has demanded Geico's policy limits, and evidence that those policy limits are $100,000. Further, Plaintiff has not proven to a legal certainty that her claims are worth less than the jurisdictional amount in controversy, having provided no binding stipulation nor any other evidence controverting the representations made by Defendant.

### iii.    Procedural Defects

Plaintiff briefly suggests that Geico's removal was defective because it "failed to include all the required 'process, pleadings and orders served upon such defendants'" in accordance with 28 U.S.C. § 1446(a). (R. Doc. 5-4 at 7). Plaintiff does not, however, provide the Court with any information as to what process, pleadings, or orders Geico failed to include. Without any representation as to the exact nature of the procedural defect alleged, or indication of what was not included, the Court is unable to address the specific merits of Plaintiff's argument. The Court is not even able to conclude that documents are in fact missing. The Court denies this basis for remand for that reason alone.

8

Notwithstanding Plaintiff's argument, even were Geico to have failed to include all the required process, pleadings, and orders, the appropriate remedy would be to supplement the record with those missing documents. In *Abbasid, Inc. v. First Nat'l Bank of Santa Fe*, the court denied remand and noted that "[t]he Fifth Circuit and several district courts have determined that a defendant may correct 'modal and procedural' defects in removal procedure even subsequent to the filing of a motion to remand on procedural grounds." 2008 WL 11319726, at *3 (S.D. Tex. Oct. 10, 2008) (citing cases). The Fifth Circuit recently reinforced this principle in *Mauldin v. Allstate Ins. Co.*, 757 Fed. App'x 304, 308 (5th Cir. 2018), wherein the plaintiff identified four documents that were not filed, but the court held that plaintiff's "argument fails for the simple reason that the complained-of procedural defects (assuming they exist) are not jurisdictional and do not require remand."

The same is true here. To the extent Geico failed to include all the required process, pleadings, and orders, that failure would constitute an independent ground supporting remand. Since it is unclear to the Court what, if any, documents Geico failed to include, the Court will instruct Plaintiff to identify any missing information to Defendant, and Defendant may determine whether the noted documents were omitted, and if so, file a motion to supplement the record.

**IV.   Conclusion**

Based on the foregoing,

**IT IS RECOMMENDED** that the Motion to Remand (R. Doc. 5) filed by Plaintiff, Teresa Mohler, be **DENIED**.

Signed in Baton Rouge, Louisiana, on April 16, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

9