UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERESA L. MOHLER                                    CIVIL ACTION

VERSUS

GEICO GENERAL INSURANCE                             NO. 19-00864-BAJ-RLB
COMPANY, ET AL.

RULING AND ORDER

Before the Court are Defendant Ashleigh Smothers' **Motion to Dismiss for Failure to State a Claim (Doc. 48)**, Defendant Progressive Security Insurance Company's **Motion for Partial Dismissal for Failure to State A Claim (Doc. 49)**, Defendant B&R IOL, LLC's **Motion to Dismiss on Grounds of Prescription (Doc. 55)**, and Defendant B&R IOL, LLC's **Motion to Dismiss for Failure to Serve Defendant (Doc. 64).** For the reasons stated herein, Defendants' Motions (Doc. 48; Doc. 49; Doc. 55; Doc. 64) are **DENIED AS MOOT.**

Since the filing of Defendants' Motions to Dismiss, the Court granted Plaintiff leave to file a Second Amended Complaint. (Doc. 67). Courts vary in approach when a plaintiff amends her complaint while a Rule 12 motion is pending. *See Melson v. Vista World Inc. & Assocs.*, No. CIV.A. 12-135, 2012 WL 6002680, at \*12 (E.D. La. Nov. 30, 2012). Nonetheless, "many district courts — including those in this Circuit — routinely deny as moot motions to dismiss that are filed prior to an amendment of a complaint." *La. v. Bank of Am. Corp.*, No. CV 19-638-SDD-SDJ,

2020 WL 3966875, at *5 (M.D. La. July 13, 2020) (citing *Garcia v. City of Amarillo, Tex.*, No. 2:18-CV-95-D-BR, 2018 WL 6272461, at *1 (N.D. Tex. Oct. 29, 2018), *report and recommendation adopted*, No. 2:18-CV-095-D, 2018 WL 6268222 (N.D. Tex. Nov. 30, 2018), at *1 ("[A]n amended complaint, which supersedes the original complaint as the operative live pleading, renders moot a motion to dismiss the original complaint."); *Xtria, LLC v. Int'l Ins. All. Inc.*, No. CIV.A.309-CV-2228-D, 2010 WL 1644895, at *2 (N.D. Tex. Apr. 22, 2010) ("Because [the plaintiff] has been granted leave to amend, [the defendant's] motions to dismiss and for judgment on the pleadings are denied without prejudice as moot.") (additional citations omitted)). While a court may apply a pending Rule 12 motion to a newly amended complaint, it should nonetheless deny the pending motion as moot if that application "would cause confusion or detract from the efficient resolution of the issues . . ." *Rodgers on Behalf of CJTJ v. Gusman*, No. CV 16-16303, 2019 WL 186669 at *2 (E.D. La. Jan. 14, 2019) (In that situation, "it makes sense to require the defendant to file a new motion specifically addressing the amended complaint.").

Here, Plaintiff's Second Amended Complaint removes a previously named Defendant, names a new Defendant, and removes certain allegations "given the facts discovered to date and to streamline outstanding issues before the [C]ourt." (Doc. 66, p. 1–2). To promote the efficient resolution of this matter, the Court will deny Defendants' pending Motions to Dismiss as moot. The Court will permit certain Defendants to re-urge their Motions if, after thoroughly reviewing Plaintiff's Second Amended Complaint (Doc. 68), Defendants still believe that Plaintiff has failed to

2

state a claim, as described below.

Accordingly,

**IT IS ORDERED** that Defendant Progressive Security Insurance Company's **Motion for Partial Dismissal for Failure to State A Claim (Doc. 49)**, Defendant B&R IOL, LLC's **Motion to Dismiss on Grounds of Prescription (Doc. 55)**, and Defendant B&R IOL, LLC's **Motion to Dismiss for Failure to Serve Defendant (Doc. 64)** are **DENIED** without prejudice **AS MOOT.** The parties may re-urge their Motions if, after thoroughly reviewing Plaintiff's Second Amended Complaint (Doc. 68), Defendants still believe Plaintiff has failed to state a claim.

**IT IS FURTHER ORDERED** that Defendant Ashleigh Smothers' **Motion to Dismiss for Failure to State a Claim (Doc. 48)** is **DENIED AS MOOT** because Plaintiff has failed to name Smothers in her Second Amended Complaint. A separate Order dismissing Plaintiff's claims against Smothers shall issue.

**IT IS FURTHER ORDERED** that Defendants shall file any re-urged Motions to Dismiss on or before Friday, January 7, 2021.

3

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Opposition to Progressive's Motion to Dismiss for Failure to State Claim (Doc. 56) is DENIED AS MOOT.

Baton Rouge, Louisiana, this \_\_1ST\_\_ day of December, 2021

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA