UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TERESA L. MOHLER | CIVIL ACTION |
| VERSUS | |
| GEICO GENERAL INSURANCE COMPANY, ET AL. | NO. 19-864-BAJ-RLB |

**ORDER**

Before the Court are Defendants Progressive Security Insurance Company and Ashleigh Smothers' Motion to Strike Plaintiff's Second Amended Petition for Damages (R. Doc. 96), Defendant Summer Jackson Blackwell's Motion to Strike Plaintiff's Second Amended Petition for Damages (R. Doc. 97), and Defendants B&R IOL, LLC and National Union Fire Company of Pittsburg, PA's Motion to Strike Plaintiff's Second Amended Petition for Damages (R. Doc. 100).

Teresa L. Mohler ("Plaintiff") initiated this action with the filing of her Petition for Damages in state court on November 19, 2019. (R. Doc. 1-1 at 3-7). Geico General Insurance Company removed the action on the basis that the Court has diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1).

On January 15, 2021, the Court granted Plaintiff leave to file a First Amending and Supplemental Complaint, which sought to name Summer Jackson Blackwell, Ashleigh Smothers, B&R, IOL, LLC, and Progressive Security Insurance Company as additional defendants. (R. Doc. 29). Plaintiff's First Amending and Supplemental Complaint, which was entered into the record on January 15, 2021, also named as a defendant the fictional entity XYZ Insurance Company, the alleged liability insurer of Summer Jackson Blackwell through her employer B&R, IOL, LLC. (R. Doc. 30).

The deadline to amend the pleadings expired on October 15, 2021. (R. Doc. 59).

On November 17, 2021, Plaintiff sought leave to amend her pleadings once again to name National Union Fire Insurance Company of Pittsburgh, PA in place of XYZ Insurance Company. (R. Doc. 62). The Court denied the motion because Plaintiff failed to indicate the citizenship of the proposed defendant or sought to establish good cause to allow untimely amendment of the pleadings under Rule 16(b)(4) of the Federal Rules of Civil Procedure. (R. Doc. 65). The Court specifically informed Plaintiff that any renewed motion must, in addition to addressing the foregoing deficiencies, indicate whether the motion is opposed. (R. Doc. 65 at 3).

On November 24, 2021, Plaintiff filed a renewed Motion for Leave to File Second Amending and Supplemental Complaint (R. Doc. 66). In pertinent part, Plaintiff made the following assertions and representations:

- "The proposed amendments in the Second Amending and Supplemental Complaint seek to remove XYZ Insurance Company as a defendant and add NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA as liability insurance carrier for B&R, IOL, LLC."

- "Good cause exists to permit this out of time amendment as B&R, IOL, LLC will be subject to personal judgment without adding NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA formally to suit. In addition, the plaintiff has agreed to withdraw bad faith allegations asserted against GEICO GENERAL INSURANCE COMPANY given the facts discovered to date and to streamline outstanding issues before the court."

- "All counsel of record have been contacted and do no object or oppose the plaintiff's filing of the Second Amending and Supplemental Complaint."

(R. Doc. 66 at 1-2). Plaintiff did not represent any other proposed modifications to the operative pleading other than the naming of National Union Fire Insurance Company of Pittsburgh, PA as a defendant and the withdrawal of bad faith allegations with respect to Geico General Insurance Company.

On November 30, 2021, given Plaintiff's assertions and representations in support of her Motion for Leave to File Second Amending and Supplemental Complaint (R. Doc. 66), the Court

granted the motion and entered the proposed Second Amending and Supplemental Complaint into the record. (R. Docs. 67, 68).

Defendants now collectively assert that Plaintiff's Motion for Leave to File Second Amending and Supplemental Complaint (R. Doc. 66) (1) falsely indicated that the Defendants did not oppose the filing of the proposed Second Amending and Supplemental Complaint and (2) was misleading with respect to the scope of the modifications of the proposed Second Amending and Supplemental Complaint. Accordingly, Plaintiffs seek an order striking Plaintiff's Second Amending and Supplemental Complaint (R. Doc. 68) from the record.

Having considered the record, the Court finds good cause under Local Rule 7(f) to require Plaintiff to file any response to the foregoing motions (R. Docs. 96, 97, and 100) on an expedited basis.

**IT IS ORDERED** that Plaintiff shall file any response to Defendants' Motions to Strike Plaintiff's Second Amended Petition for Damages (R. Docs. 96, 97, and 100) on or before **February 9, 2022**. Plaintiff shall submit to the Court any written evidence that Defendants agreed to entry of the Second Amending and Supplemental Complaint (R. Doc. 68) as represented by Plaintiff in her motion.[1] Plaintiff shall also explain the representations made in the motion regarding the modifications made in the proposed Second Amending and Supplemental Complaint.

Signed in Baton Rouge, Louisiana, on February 3, 2022.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] The representation that a motion is "unopposed" when the relief sought is in fact opposed may subject counsel to sanctions. *See In re Grodner*, No. 14-mc-50, 2014 WL 4365080, at *6 (M.D. La. Sept. 2, 2014), *aff'd*, 587 F. App'x 166 (5th Cir. 2014).