UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERESA L. MOHLER** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 19-864-BAJ-RLB** |
| **GEICO GENERAL INSURANCE COMPANY, ET AL.** | |

**ORDER**

Before the Court is Plaintiff's Motion to Compel Corporate Deposition of B&R IOL, LLC. (R. Doc. 165). The motion is opposed. (R. Doc. 151). Plaintiff has filed a Motion to File Reply. (R. Doc. 196).

Also before the Court is B&R IOL, LLC's Motion for Protective Order. (R. Doc. 181). The motion is opposed. (R. Doc. 198).

**I.    Background**

Teresa L. Mohler ("Plaintiff") initiated this action with the filing of her Petition for Damages in state court on November 19, 2019. (R. Doc. 1-1 at 3-7). Plaintiff alleged that she was injured when she was rear-ended by another driver after exiting I-10 at Siegen Lane in Baton Rouge, Louisiana. (R. Doc. 1-1 at 3). Plaintiff further alleged that the alleged tortfeasor, Summer Jackson Blackwell ("Blackwell"), is an uninsured/underinsured motorist, and that her insurance company has paid its policy limits to Plaintiff. (R. Doc. 1-1 at 5). Plaintiff sought to obtain coverage from her UM carrier, Geico General Insurance Company ("Geico"), which was the solely named defendant. Geico removed the action on the basis that the Court has diversity jurisdiction under 28 U.S.C. § 1332. (R. Doc. 1).

On January 15, 2021, the Court entered into the record Plaintiff's First Amending and Supplemental Complaint, which named as additional defendants Blackwell, Ashleigh Smothers

("Smothers"), B&R, IOL, LLC ("B&R"), Progressive Security Insurance Company ("Progressive"), and the fictional entity XYZ Insurance Company, the alleged liability insurer of Blackwell through her employer B&R. (R. Doc. 30, "Amended Complaint"). There is no dispute that this is the operative pleading in this action. (R. Docs. 122, 125).

In the Amended Complaint, Plaintiff alleges that on July 14, 2020, Blackwell testified at her deposition that she was employed as a manager for B&R, an "entity which owns and/or manages" certain Chick-fil-A restaurants in Baton Rouge, Louisiana. (Amended Complaint, ¶ 27). Furthermore, Plaintiff alleges that Blackwell "testified that at the time of the subject motor vehicle crash she was travelling" between a Chick-fil-A location on Highland Road and a Chick-fil-A location on Siegen Lane owned and/or managed by B&R within the course and scope of her employment as a manager. (Amended Complaint, ¶¶ 28-29). Plaintiff further alleges that B&R is "vicariously liable for the actions, negligence, and/or fault of its employee [Blackwell] under the theory of *respondeat superior*." (Amended Complaint, ¶ 31).

The parties have engaged in extensive motions practice. Several dispositive motions and motions for sanctions remain pending before the district judge: Plaintiff's Motion for Partial Summary Judgment on the Issue of Liability (R. Doc. 123); Progressive's Motion for Dismissal for Failure to State a Claim and Because of Prescription (R. Doc. 131); B&R's Re-Urged Motion to Dismiss on Grounds of Prescription (R. Doc. 135); Blackwell's Motion to Dismiss for Failure to State a Claim (R. Doc. 136); Progressive's Motion to Dismiss and for Sanctions under Rule 11 (R. Doc. 148); Progressive's Motion for Summary Judgment (R. Doc. 158); Defendants' Joint Motion for Partial Summary Judgment and Motion *in Limine* Regarding Certain Injuries and Medical Treatment Based on the Absence of Medical Causation (R. Doc. 174); and B&R's Motion for Rule 11 Sanctions (R. Doc. 177). In addition, two discovery motions are pending

before the district judge: Plaintiff's Motion to Compel the Corporate Deposition of Progressive and Discovery Deposition of Smothers (R. Doc. 141) and Progressive's Motion for Protective Order (R. Doc. 150).

On August 3, 2022, the district judge held a hearing on Plaintiff's Motion to Compel the Corporate Deposition of Progressive and Discovery Deposition of Smothers (R. Doc. 141), Progressive's Motion to Dismiss and for Sanctions under Rule 11 (R. Doc. 148), and Progressive's Motion for Protective Order (R. Doc. 150). (R. Doc. 184).

Just prior to the hearing, Plaintiff filed the instant Motion to Compel Corporate Deposition of B&R. (R. Doc. 165). B&R then filed its Motion for Protective Order. (R. Doc. 181). These two related motions have been referred to the undersigned for resolution. These motions concern whether the Rule 30(b)(6) deposition of B&R shall proceed and, if so, whether the corporate representative must testify on all noticed topics.

After several extensions and delays in this action, the district judge set the deadline to complete all discovery on August 15, 2022, and the deadline to file dispositive motions on September 30, 2022. (R. Doc. 121).

Plaintiff has alleged that B&R is vicariously liable for the acts of its employee, Summer Blackwell, on the theory that she was acting in the course and scope of her employment on the day of the motor vehicle collision at issue. The deposition notice seeks testimony on the following topics:

1. All aspects of defendant's Responses to Plaintiff's First Set of Interrogatories and Requests for Production.
2. Any and all written and unwritten policies, procedures, and claim handling practices for third-party claims at any time from the date of the subject crash to the present.
3. Steps taken by B&R IOL, LLC to ascertain whether Summer Blackwell was within the course and scope of employment at the time of the subject crash involving Ms. Mohler;

4. Any and all aspects of Summer Blackwell's employment with B&R IOL, LLC.
5. All aspects of B&R IOL, LLC's accident investigation policies and procedures.
6. Any and all insurance contracts, automobile liability or otherwise, which may exist to compensate Ms. Mohler for damages sustained in the subject loss.
7. Statements taken pertinent to the subject litigation, written, record or otherwise.

(R. Doc. 165-6 at 3). Plaintiff argues that she is seeking to take the Rule 30(b)(6) deposition of B&R to "solidify facts underlying the plaintiff's course and scope arguments," particularly that "Blackwell was required to travel between the two respective Chick-Fil-A locations to perform her job duties." (R. Doc. 165-1 at 10). Consistent with the foregoing, Plaintiff spends the bulk of her motion detailing Blackwell's deposition testimony referenced in the Amended Complaint and Louisiana law in support of her position that Blackwell was driving within the course and scope of her employment. (*See* R. Doc. 165-1 at 2-10).

In opposing the deposition, B&R lays out facts in support of a finding that Blackwell was not driving in the course and scope of her employment and that any such allegation is prescribed. (R. Doc. 180 at 1-7). With respect to whether the deposition should proceed, B&R first effectively seeks a stay of the sought deposition in light of B&R's pending motion to dismiss on the grounds of prescription and motion for Rule 11 sanctions, including dismissal of the action. (R. Doc. 180 at 7-10; R. Doc. 181-1 at 3-4). B&R next briefly argues, without directing the Court to any pertinent jurisprudence, that the deposition topics 1, 2, 6, and 7 are "vague, unlimited, overbroad, duplicative, and not relevant to the facts at issue in this case." (R. Doc. 180 at 10-11; R. Doc. 181-1 at 4-5).

Plaintiff has sought leave to file a reply memorandum. (R. Doc. 196). As discussed below, the proposed reply does not address the pertinent arguments raised by B&R in opposition.

## II. Law and Analysis

### A. Legal Standards

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Courts also consider "(1) hardship and inequity on the moving party without a stay; (2) prejudice the non-moving party will suffer is a stay is granted; and (3) judicial economy." *See Strong ex rel. Tidewater, Inc. v. Taylor*, No. 11-392, 2013 WL 818893, at * 2 (E.D. La. Mar. 5, 2013). "A stay while a dispositive motion is pending is the exception rather than the rule." *Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, No. 20-2795, 2021 WL 7708048, at *10 (E.D. La. May 21, 2021).

Rule 30 of the Federal Rules of Civil Procedure governs depositions by oral examination. "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1). "It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979). "[A] party seeking a protective order to prevent or postpone a deposition must show good cause and the specific need for protection." *Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 579 (N.D. Tex. 2002)(citing *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990)).

Rule 30(b)(6) governs deposition notices directed to organizations. In the deposition notice, the party "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). In response, the organization must designate an agent or other person to testify on its behalf "about information known or reasonably available to the organization." *Id*. "The duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally

6

known to that designee or to matters in which that designee was personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006). The court may limit a Rule 30(b)(6) deposition notice to the extent it requests the organization to designate an agent to testify on topics of information that are overly broad, vague, or ambiguous. *See*, *e.g.*, *Scioneaux v. Elevating Boats, LLC*, No. 10-0133, 2010 WL 4366417, at *3 (E.D. La. Oct. 20, 2010) (quashing deposition notice where the plaintiff failed to particularize the topics of discussion in Rule 30(b)(6) deposition notice); *In re Katrina Canal Breaches Consolidates Litigation*, No. 05-4182, 2008 WL 4833023 (E.D. La. July 2, 2008) (granting motion for protective order to the extent topics listed in a 30(b)(6) notice were overly broad, vague and ambiguous); *Padana Assicurazioni–Societa Azioni v. M/V Caribbean Exp.*, No. 97-3855, 1999 WL 30966 (E.D. La. Jan. 21, 1999) (denying motion to compel Rule 30(b)(6) deposition where the notice was insufficiently particularized).

### B.    Plaintiff's Motion to File Reply

Plaintiff seeks leave to file a reply memorandum pursuant to Local Rule 7(f). (R. Doc. 196).

The Court will deny this motion because the submitted reply simply reiterates and supplements arguments in support of a finding that Blackwell was driving in the course and scope of her employment. (R. Doc. 196-1). The Court is well aware that the parties dispute whether Blackwell was operating her vehicle in the course and scope of her employment with B&R.

The proposed reply does not directly address the pertinent issues raised by B&R's opposition, namely: (1) whether the Rule 30(b)(6) deposition should be stayed in light of the

pending motion to dismiss and motion for sanctions, and (2) whether the four deposition topics challenged by B&R fall within the scope of discovery.

      **C.     B&R's Motion for a Stay**

B&R seeks a protective order from the Court staying its Rule 30(b)(6) deposition until after the resolution of its pending Re-Urged Motion to Dismiss on Grounds of Prescription (R. Doc. 135) and Motion for Rule 11 Sanctions (R. Doc. 177).

Having considered the record, the Court's general interests in control of its docket and the fair and speedy administration of justice, as well as the current practice in this district, the Court concludes that B&R has not met its burden of establishing that a stay of discovery (namely its Rule 30(b)(6) deposition) is merited pending the resolution of its pending motions to dismiss and motion for sanctions. B&R does not provide any particular and specific facts demonstrating that continuing discovery in this action while its motions to dismiss and motion for sanctions are pending would result in annoyance, embarrassment, oppression, or undue burden or expense. At most, B&R offers that its motions to dismiss "is well pled, has objective merit, and is ripe for ruling." (R. Doc. 180 at 8). B&R further suggests that it should "not be forced" to expend any of its time and resources to produce a corporate defendant until after the resolution of these motions, which both seek dismissal, because a favorable resolution would moot the need for the deposition. (R. Doc. 180 at 9-10). These arguments are generic. Potential dismissal of an action by a favorable decision on a pending dispositive motion is insufficient grounds, without more, to establish good cause for a stay of discovery.

The Court is not in the position to address the merits of B&R's pending dispositive motions at this time. The Court notes that this action was removed nearly three years ago, and B&R has been a named defendant since the filing of the Amended Complaint on January 15,

2021. Discovery is closed and any additional dispositive motions are due by September 30, 2022. The extensive motions practice by the parties has already delayed the resolution of this action. The Court does not find good cause to stay or further delay the Rule 30(b)(6) deposition of a party on the basis that pending motions may dispose of the claims against that party.

### D.    Deposition Topics

B&R devotes approximately one page of both of its motions to argue that the Rule 30(b)(6) deposition topics 1, 2, 6, and 7 are "vague, unlimited, overbroad, duplicative, and not relevant to the facts at issue in this case." (R. Doc. 180 at 10-11; R. Doc. 181-1 at 4-5). Inexplicably, Plaintiff sought leave to file a reply memorandum that does not directly address the propriety of these topics in light of B&R's arguments.

The Court should not be addressing these issues in the first instance. Plaintiff attempted to set up a discovery conference with B&R through various email communications. (R. Doc. 165-1 at 5-6; *see* R. Doc. 165-3, R. Doc. 165-4, R. Doc. 165-5, R. Doc. 165-6, R. Doc 165-7). B&R objected to the timing of the suggested conference date as unreasonably soon after the topics were provided and in light of a conflict. (R. Doc. 165-5 at 3). In the end, B&R refused to produce a corporate representative based on Plaintiff's opposition to B&R's motion to dismiss, which B&R claims is improper under Rule 11. (R. Doc. 165-7 at 1-3).

While Plaintiff did not submit a Rule 37(a)(1) certificate providing that Plaintiff's counsel "in good faith conferred or attempted to confer" with B&R's counsel in an effort to obtain the discovery sought without court action, there does not appear to be a dispute that Plaintiff's counsel at least attempted to set up a conference regarding the deposition before filing a motion to compel. Furthermore, the duty to hold a conference to discuss Rule 30(b)(6) deposition topics falls on both the serving party and the organization subject to the deposition.

*See* Fed. R. Civ. P. 30(b)(6) ("Before or promptly after the notice or subpoena is served, the serving party and the organization must confer in good faith about the matters for examination."); *see* Advisory Committee Notes to 2020 Amendment.

That said, the Court's general interests in control of its docket and the fair and speedy administration of justice, the Court will address the merits of B&R's brief objections to deposition topics 1, 2, 6, and 7.

Topic No. 1 seeks testimony on "[a]ll aspects of defendant's Responses to Plaintiff's First Set of Interrogatories and Requests for Production." Defendant argues that this request is "overbroad, [un]duly burdensome and protected from the attorney-client and work product privileges." (R. Doc. 180 at 10; R. Doc. 181-1 at 4). The Court overrules these objections. Plaintiff may seek testimony on the written responses to discovery provided by B&R. To the extent necessary to preserve a privilege, counsel for B&R may instruct the corporate representative not to answer. *See* Fed. R. Civ. P. 30(c)(2).

Topic No. 2 seeks testimony on "[a]ny and all written and unwritten policies, procedures, and claim handling practices for third-party claims at any time from the date of the subject crash to the present." B&R argues that this request is "overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence" and is otherwise privileged. (R. Doc. 180 at 10; R. Doc. 181-1 at 4-5). The Court overrules these objections in part. Plaintiff may inquire into B&R's written and unwritten policies and procedures to the extent those policies and procedures have any bearing on Blackwell's obligations as an employee. Plaintiff may further inquire into any of B&R's sources of insurance. But Plaintiff has not demonstrated the relevance of inquiries into the "claim handling practices for third-party claims." To the extent necessary to

preserve a privilege, counsel for B&R may instruct the corporate representative not to answer. *See* Fed. R. Civ. P. 30(c)(2).

B&R has raised no objections to Topic Nos. 3, 4, 5.

Topic No. 6 seeks testimony on "[a]ny and all insurance contracts, automobile liability or otherwise, which may exist to compensate Ms. Mohler for damages sustained in the subject loss." B&R argues that the request is "duplicative" because it has already provided the applicable declaration pages for the automobile policies at issue. (R. Doc. 180 at 11; R. Doc. 181-1 at 5). The Court overrules this objection. Plaintiff may inquire into whether all applicable insurance contracts have been identified and produced.

Topic No. 7 seeks testimony on "[s]tatements taken pertinent to the subject litigation, written, record or otherwise." B&R argues that the request is "duplicative" because "B&R has already indicated it was not in possession of any statements in connection with this matter other than record statement provided by Plaintiff to Progressive, which was produced in discovery," further adding that certain statements involving counsel may be privileged. (R. Doc. 181-1 at 5). The Court overrules this objection. Plaintiff may inquire into whether all statements have been identified and produced. To the extent necessary to preserve a privilege, counsel for B&R may instruct the corporate representative not to answer. *See* Fed. R. Civ. P. 30(c)(2).

**III.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 165) and B&R's Motion for Protective Order (R. Doc. 181) are **GRANTED IN PART and DENIED IN PART.** The Rule 30(b)(6) deposition of B&R shall proceed in accordance with this Order within **14 days** of

the date of this Order, unless otherwise agreed upon by the parties. The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to File Reply (R. Doc. 196) is **DENIED**.

Signed in Baton Rouge, Louisiana, on September 16, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**